UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONALD KEITH ALEXANDER, | Case No. 1:14-CV-00143-EJL |
| Petitioner, | 1:12-CR-00289-EJL |
| v. | **MEMORANDUM DECISION AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Pending before the Court is a pro se motion by Petitioner Ronald Alexander ("Petitioner") to vacate, correct or to set aside sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1), amended motion to vacate (Dkt. 8) ("Amended Motion"), and related motions (Dkts. 2, 3, 5, 7, 10 and 11.)  In his Motion to Vacate, Petitioner asks the Court to review his sentence, pursuant to 28 U.S.C. § 2255, arguing that: (1) the Government did not prove he actually possessed three firearms, (2) the Government did not prove he constructively possessed three firearms, (3) the Court erred in applying a two-level enhancement for the three firearms, and (4) the prosecution violated his rights to due process.  (Dkt. 1.)  In his Amended Motion, Petitioner contends that due to ineffective assistance of counsel, he was deficiently represented in violation of his rights under the

1

Sixth Amendment. (Dkt. 8.) The government responds Petitioner has failed to allege how his counsel was ineffective, has not identified any new information not known to him at the time of his plea, and has waived his right to collaterally attack his plea, conviction, or sentence. (Dkt. 11.) Having reviewed the record, including the record in the underlying criminal case, the Court will deny Petitioner's motion.

## BACKGROUND

On December 11, 2012, the grand jury returned an indictment in Case No. 1:12-cr-00289-EJL charging Petitioner with the Unlawful Possession of Firearms. (1:12-cr-000289-EJL, Dkt. 1.) On February 12, 2013, the grand jury returned a superseding indictment charging Petitioner with Unlawful Possession of Firearms in Count One, and Transfer of a Firearm in Violation of the National Firearms Registration and Transfer Record in Count Three.[1] (*Id.*, Dkt. 18.) The superseding indictment alleged that Petitioner possessed two rifles on December 4, 2012, and aided and abetted in the transfer of a machinegun on December 18, 2012. (*Id.*)

Represented by appointed counsel, Petitioner signed a Rule 11 Plea Agreement ("Plea Agreement") on April 17, 2013. (Dkt. 6.)[2] In the Plea Agreement, the government and Petitioner agreed certain facts would be proven beyond a reasonable

---

[1] It was unlawful for Petitioner to possess a firearm because he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, robbery, entered on or about May 1, 2001 in case number 011000605 in the Superior Court of the State of Washington, County of Walla Walla. (1:12-cr-00289-EJL, Dkt. 18, p. 1.)

[2] Unless otherwise referenced, docket references are to 1:14-cv-00143.

2

doubt if the matter proceeded to trial.  Specifically, with respect to Count One, Petitioner admitted that he offered to sell an undercover Nampa Police Department detective ("UC") two firearms, a .308 rifle ("HK") and 7.62x39mm Model SKS rifle ("SKS") on December 3, 2012.  (*Id*., p. 5.)  Petitioner offered to sell the UC the HK and SKS for $2,200.  Petitioner later sent the UC text messages containing photographs of the firearms.  The UC agreed to purchase the firearms and arranged to meet Petitioner the following day.  (*Id*.)  On December 4, 2012, the UC met Petitioner in a movie theater parking lot.  (*Id*.)  Petitioner and his co-defendant, Phillip Chavez ("Chavez"), arrived in a car with the firearms.  Petitioner got out of the car and opened the rear door of his vehicle where the firearms were located.  The UC took possession of the firearms and then paid Petitioner.  (*Id*.)

With respect to Count Three, Petitioner admitted that he sent additional text messages to the UC in December 2012 offering to sell him an automatic rifle for $3200.  (*Id*., p. 6.)  Petitioner met the UC in a grocery store parking lot on December 18, 2012 and told the UC that his friend was on his way to the same location.  Petitioner then spoke to someone on his mobile phone and gave directions to his location.  A short time later, Chavez arrived in the parking lot.  Chavez opened the rear of his door and presented the UC with a Pioneer Arms Corporation 7.62x25 rifle.  The UC took the firearm and handed Chavez a coffee cup containing $3,200.  Petitioner and Chavez were arrested at the conclusion of the transaction.  (*Id*.)  The 7.62x25 rifle was later examined by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").  The ATF concluded the firearm automatically shot more than one shot without manual reloading, by a single

3

function of the trigger, and was therefore a machinegun. (*Id.*) Petitioner admitted in his Plea Agreement that he knew the latter firearm was a fully automatic "machinegun." (*Id.*, p. 7.)

In addition to admitting the aforementioned facts, Petitioner agreed to the express waiver of appeal and 28 U.S.C. § 2255 rights contained in the Plea Agreement. The waiver provision stated:

> VII. WAIVER OF APPEAL AND 28 U.S.C. § 2255 RIGHTS
>
> A. In exchange for this Agreement, and except as provided in subparagraph B, the defendant waives any right to appeal or to collaterally attack the entry of plea, the conviction, entry of judgment, and sentence. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the plea, conviction or sentence in this case. Further, if the defendant violates this waiver it will be a breach of this Agreement and the Government may withdraw from this Plea Agreement and take other remedial action. If the defendant believes the Government has not fulfilled its obligations under this Agreement, the defendant will object at the time of sentencing; further objections are waived.
> B. Notwithstanding subparagraph A, the defendant shall retain the right to file one direct appeal only if one of the following unusual circumstances occur; the defendant understands that these circumstances occur rarely and that in most cases this Agreement constitutes a complete waiver of all appellate rights:
>    1. the sentence imposed by the District Court exceeds the statutory maximum;
>    2. the District Court arrived at an advisory Sentencing Guidelines range by applying an upward departure under Chapter 5K of the Guidelines; or
>    3. the District Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory Sentencing Guidelines range as determined by the District Court.
>    **Notwithstanding subparagraph A, the defendant may file one habeas petition (motion under 28 U.S.C. § 2255) for ineffective assistance of counsel only if: (1) the motion is based solely on information not known to the defendant at the time the District Court imposed the sentence;**

4

> **and (2) in the exercise of reasonable diligence, the information could not have been known by the defendant at that time.** [3]

(Dkt. 6, pp. 16-17) (emphasis added).

Petitioner appeared before this Court on May 2, 2013 and entered a plea of guilty to Count One and Count Three. (1:12-cr-00289, Dkt. 38.) During the plea hearing, the Court engaged in a colloquy with Petitioner to ensure that his plea was knowing, intelligent, and voluntary.[4]

Following the change of plea hearing, United States Probation prepared a pre-sentence investigative report ("PSR"). The PSR calculated Petitioner's total offense level at 21 and assigned a criminal history category of II. Based on those calculations, Petitioner's guideline imprisonment range was 41-51 months. (*Id.*, Dkt. 53, p. 3.) The

---

[3] Petitioner's Plea Agreement also stated:

> The defendant understands that by pleading guilty, the defendant waives the following rights: 1) the right to plead not guilty to the offenses charged against the defendant and to persist in that plea; 2) the right to a trial by jury, at which the defendant would be presumed innocent and the burden would be on the Government to prove the defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the defendant was guilty of the offense; 4) the right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence without having that held against the defendant.

*Id.*, p. 3.

[4] Although the government did not submit a transcript of the May 2, 2013 plea hearing in response to Petitioner's § 2255 Motion, the Court utilizes a standard and methodical colloquy at all of its plea hearings to ensure only knowing, intelligent and voluntary pleas are entered.

government recommended a one-level downward departure for substantial assistance. (*Id*. at 4.) With the departure, Petitioner's guideline imprisonment range was 37-46 months. (*Id*.) On August 12, 2013, this Court sentenced Petitioner to 46 months imprisonment, three years supervised release, and a $200 special assessment. (*Id*., Dkt. 56.) Petitioner's sentence did not exceed the statutory maximum, did not involve and upward departure, and was within the advisory guideline range. Petitioner did not appeal his sentence.

Petitioner timely filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on April 11, 2014. (Dkt. 1.) Petitioner raised four challenges to his sentence in his initial motion, none of which mentioned ineffective assistance of counsel. The government moved to dismiss Petitioner's Motion because, *inter alia*, in his Plea Agreement Petitioner expressly waived the right to bring any motion under 28 U.S.C. § 2255 unless he claimed ineffective assistance of counsel. (Dkt. 5, pp. 4-5.) In his Response to the government's Motion to Dismiss, Petitioner sought to amend his original § 2255 Motion to add two additional claims, including one for ineffective assistance of counsel. (Dkt. 8, p. 1.) The government thereafter filed a second Motion to Dismiss (Dkt. 11), and Petitioner replied (Dkt. 13.)

## LEGAL STANDARD

Under 28 U.S.C. § 2255, there are four grounds for a court to grant relief to a prisoner who challenges the length of his sentence: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the

court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a). Although there are four categories, the claims that fall within the scope of § 2255 are minimal. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). A motion filed pursuant to § 2255 must allege specific facts which, if true, would entitle the individual to relief. *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (quoting *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996)).

A Federal District Court may dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." 28 U.S.C. § 2255, Rules Governing Section 2255 Proceedings, Rule 4(b). If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

The court may dismiss a § 2255 motion at other stages of the proceeding, such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes Following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 and Rules Governing Section 2255 Proceedings. If the court

does not dismiss the proceeding, then the court can determine if an evidentiary hearing is necessary. *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). An evidentiary hearing is not needed in a § 2255 case when the facts can be determined from evidence in the record and prior testimony. *Id*.

## ANALYSIS

Petitioner raises six total challenges to his sentence, specifically: (1) that the government did not prove he actually possessed three firearms; (2) the government did not prove he constructively possessed three firearms; (3) the Court erred by applying a two-level enhancement for the three firearms; (4) that his prosecution for failure to register violated his right to due process; (5) that his counsel was ineffective by failing to negotiate a favorable plea; and (6) the two-level enhancement in the advisory guidelines should have been presented to a jury. With the exception of his ineffective assistance of counsel claim, Petitioner is precluded by the express waiver provision in his Plea Agreement from raising each of the aforementioned contentions.

A waiver is enforceable if it is knowing and voluntary and the language of the waiver covers the grounds raised on appeal. *United States v. Bibler*, 495 F.3d 621, 623-24 (9th Cir. 2007). Knowing and voluntary waivers of appellate rights in criminal cases are regularly enforced. *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000). The proper enforcement of appeal waivers serves "an important function in the judicial administrative process by 'preserv[ing] the finality of judgments and sentences imposed

pursuant to valid plea agreements." *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996) (quoting *United States v. Rutan*, 956 F.2d 827, 829 (8th Cir. 1992)).

Petitioner does not suggest that his waiver was unknowing or involuntary, but instead, in response to the government's Motion to Dismiss, attempts to characterize *all* of his claims as resulting from ineffective assistance of counsel:

> Petitioner, filing pro se, concedes that his Amended petition may be somewhat confusing but hopes to make clear that these claims are asserted in the context of Ineffective Assistance of Counsel. Petitioner avers that his counsel should have informed him of the preponderance standard regarding the USSG § 2k2.1(b) enhancement and should have negotiated a more favorable plea without the erroneous enhancement…. Claim #4 is pertinent in establishing counsel's ineffectiveness in fully informing the Petitioner of his standing during sentencing.

(Dkt. 13, p. 3.)

Petitioner's Plea Agreement permitted one habeas petition for ineffective assistance of counsel only for information that was not known, and, in the exercise of reasonable diligence, could not have been known, to the defendant at the time the court imposed the sentence. (Dkt. 6, pp. 16-17.) The only information Petitioner identifies as not known or that could not have been known at the time of his plea and sentencing is the two-point enhancement he received under USSG § 2K2.1(b) for an offense involving three or more firearms. (Dkt. 13, p. 2.) As the government notes, it is doubtful this information could be considered unknown to Petitioner, as it is not new and the sentencing guidelines were readily available at the time Petitioner entered his plea. (Dkt. 11, p. 5). However, even assuming Petitioner could meet this hurdle, and thus avoid the waiver provision of his plea agreement, he fails to establish he received ineffective assistance.

9

### 1. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a defendant must show: (1) that his representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)) (internal quotation marks omitted). This two-part test is applicable to cases where, as here, a defendant claims ineffective assistance of counsel during a guilty plea. *Hill*, 474 U.S. at 57. A court may evaluate the elements of ineffective assistance of counsel in either order, and need not consider both elements if there is an insufficient showing of one. *Strickland*, 466 U.S. at 697. Here, the Court need not determine whether an alleged failure to advise Petitioner of the two-point enhancement for multiple firearms "fell below an objective standard of reasonableness" because the Court finds Petitioner cannot establish prejudice as a result of such error. *Id*. at 688.

In the context of guilty pleas, to establish the prejudice element of an ineffective assistance claim, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. "Moreover, to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). Petitioner implies it would have been rational to go to trial because the government

couldn't prove that he had actual or constructive possession over three firearms.[5] (Dkt. 1, pp. 3-6.)

If a petitioner alleges facts that, if true, would entitle him to relief, then the district court "should order an evidentiary hearing and rule on the merits of his claim." *Holmes v. United States*, 876 F.2d 1545, 1552 (11th Cir. 1989). However, a court need not hold a hearing if the allegations are "patently frivolous," "based upon unsupported generalizations," or "affirmatively contradicted by the record." *Id*. at 1553. Here, the Court need not hold a hearing because Petitioner's allegations regarding possession are affirmatively contradicted by the record.

Possession of a firearm can be shown through either constructive or actual possession. *United States v. Krouse*, 370 F.3d 965, 966 n. 3 (9th Cir. 2004) (citing *United States v. Lott*, 310 F.3d 1231, 1247 (10th Cir. 2002)). Generally, a person has actual possession of an item "if the person knows of its presence *and* has physical control of it, or has the power and intention to control it." *United States v. Cain*, 130 F.3d 381, (9th Cir. 1997) (emphasis in original) (internal quotation marks omitted). Similarly, a "person has constructive possession when he or she knowingly holds ownership, dominion, or control over the object and the premises where it is found." *United States v. Thongsy*, 577 F.3d 1036, 1041 (9th Cir. 2009) (quoting *United States v. Lott*, 310 F.3d 1231, 1247 (10th Cir. 2002)). The government can prove actual or constructive

---

[5] The Court has liberally construed Petitioner's pro se briefing, and attempted to address potential arguments implied by Petitioner, even where such argument is not specifically stated. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

possession using circumstantial evidence alone. *United States v. Bernard*, 48 F.3d 427, 430 (9th Cir. 1995).

Here, evidence included in the plea agreement shows the government could have readily proven Petitioner had possession of all three firearms. Specifically, with respect to the HK and SKS, Petitioner sent the UC text messages containing photographs of both firearms. (Dkt. 6, p. 5.) The UC purchased the HK and SKS from Petitioner on December 4, 2012, when Petitioner arrived to the designated meeting point with both firearms in his car. Because Petitioner sent pictures of, and had both firearms in his car when he met the UC, both firearms were knowingly in his presence and within his physical control. Petitioner accordingly had actual possession of both the HK and SKS.

With respect to the Pioneer Arms Corporation 7.62x25 rifle ("machinegun"), the UC made arrangements with Petitioner to purchase a machinegun. (*Id*., p. 6.) The Petitioner arrived at a designated meeting place to sell the machinegun to the UC. Although the machinegun was not in his car when he arrived, Petitioner made a call and directed his co-defendant to bring the machinegun to the meeting location. (*Id*.) The co-defendant Chavez arrived shortly thereafter, and presented the UC with the machinegun, who then gave Petitioner and Chavez $3,200, the price Petitioner had demanded in his texts to the UC. Petitioner's ability to make arrangements for the sale of the machinegun, to direct Chavez to appear at the meeting location with the machinegun, and

responsibility for the successful sale of the machine gun to the UC, establish he had the power to control the gun, and therefore had constructive possession of it.[6]

Petitioner's purported defense does not convince the Court that a decision to reject the plea agreement would have been rational had Petitioner been advised of the enhanced penalty associated with pleading guilty to three, rather than two, firearms. The record establishes that Petitioner faced overwhelming evidence of guilt and had no affirmative defenses. Moreover, in exchange for agreeing to plead guilty, Petitioner avoided additional charges related to his distribution of methamphetamine and cocaine on April 24, 2012 and June 14, 2012. (*Id*., p. 2.) Petitioner secured a very favorable plea in light of this exchange, and the Court is left with the firm conviction that rejecting the plea bargain would have been foolish under the circumstances. *Padilla*, 559 U.S. at 372. Because Petitioner cannot establish that it would have rational to reject his plea agreement given its favorable terms and his near-certain conviction, he cannot establish the prejudice element of his ineffective assistance of counsel claim. Petitioner's ineffective assistance of counsel claim is accordingly without merit.

    2. *Due Process Claim*

---

[6] Further, as the government notes, when calculating the number of firearms under § 2K2.1(b)(1) of the Sentencing Guidelines, a court must count firearms "involved" in the offense, including firearms unlawfully possessed or unlawfully distributed. UNITED STATES SENTENCING GUIDELINES MANUAL § 2K2.1, cmt. n. 5. Petitioner admitted that he possessed the HK and SKS in his plea agreement, and that he assisted his co-defendant in the transfer of the machinegun to the UC. (Dkt. 6, pp. 5-6.) Based upon these facts, there is no doubt that the offenses involved three firearms that Petitioner unlawfully possessed or distributed.

In addition to ineffective assistance of counsel associated with the sentencing enhancement for possession of multiple firearms, Petitioner suggests it violated due process to prosecute him for transferring an unregistered firearm, in violation of the National Firearms Act (NFA), because he was a convicted felon and therefore the government could not accept such registration even if he had tried to comply with the NFA. (Dkt. 1, pp. 6-8.) The Ninth Circuit has rejected the argument that since a felon cannot register a firearm it is unfair to charge him with a separate crime for failing to do so. *United States v. Gann*, 732 F.2d 714, 721 (9th Cir. 1984); *Hunter v. United States*, 73 F.3d 260, 262 (9th Cir. 1996). Following *Gann* and *Hunter*, the Court holds it did not violate due process to prosecute Petitioner for transferring an unregistered firearm.

3. *United States v. Alleyne*

Finally, Petitioner's Amended Motion also includes a claim that the Court erred because the § 2k2.1(b)(1) two-level enhancement should have been presented to a jury. (Dkt. 8, p. 1.) Petitioner suggests *United States v. Alleyne*, 133 S.Ct. 2151 (2013) requires the number of firearms he possessed to be presented to a jury as an "element" of his crimes. In *Alleyne*, the Supreme Court held any fact, other than a prior conviction, which increases a mandatory minimum sentence for a crime is an "element" of the crime, and not a "sentencing factor," that must be submitted to a jury and found beyond a reasonable doubt. *Id*. at 2155-56. *Alleyne* is inapplicable in this case because the number of firearms, and corresponding increase in the advisory guidelines, did not involve a mandatory minimum sentence. Petitioner's sentence did not carry a statutory mandatory minimum.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. Petitioner's Motion to Set Aside, Vacate or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 1) and Amended Motion to Vacate (Dkt. 8) are **DENIED**;

2. Given the Court's denial of Petitioner's Motion to Vacate, Petitioner's Motion to Proceed in Forma Pauperis (Dkt. 2) and Motion Requesting Appointment of Counsel (Dkt. 3) are **DENIED**;

3. The government's Motions to Dismiss (Dkt. 5) and (Dkt. 11) are **GRANTED**.

4. Petitioner's Motion Requesting Extension of Time to File Response (Dkt. 7) and Motion to Expedite and Accelerate Proceedings (Dkt. 10) are **MOOT**.

DATED: November 9, 2015

Edward J. Lodge
United States District Judge